UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 95-040 |
| TOMMIE ANDERSON | SECTION: "K" |

## ORDER

Considering the Defendant's Motion to Reduce Sentence (Rec. Doc. 130), this Court declines to exercise any discretion it may have to reduce the Defendant's sentence. Insofar as Defendant has requested relief subject to the amendment to the Sentencing Guidelines regarding cocaine base ("crack") (*see* U.S. Sentencing Comm'n, Guideline 706), the Court is without authority to make any such reductions in the Defendant's case because these amendments will be made retroactive on March 3, 2008. Until that time, this Court cannot modify any sentence based on the retroactivity of those provisions.[1]  Accordingly,

**IT IS ORDERED** that the Defendant's Motion is **DENIED.**  The Court advises the Defendant that, should the Sentencing Guidelines amendments become retroactive on March 3, 2008, he must refile his motion if he seeks any such relief. His sentence will not automatically be reduced due to the retroactivity amendment becoming effective.

New Orleans, Louisiana this __23rd__ day of January, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] *See Humphrey v. United States*, Nos. 3:96 CR 750, 3:04 CV 7748, 2007 WL 4589749, at *1 (N.D. Ohio Dec. 27, 2007) (dismissing petitioner's motion for reduction of sentence because "[t]he Court is without jurisidction to amend sentences calculated upon quantities of crack cocaine, pursuant to the retroactive application of Guideline Amendment 706, until March 3, 2008 when that retroactivity becomes effective.").